CASE 87.—PROCEEDINGS FOR THE SETTLEMENT OF THE ESTATE OF JAAKIN WARE DECEASED.—February 4.

## Ross v. Ware

Appeal from Fleming Circuit Court.

JAMES P. HARBESON, Circuit Judge.

From the judgment W. W. Ross appeals—Affirmed.

1. Conversion—Wills—Construction.—Testator bequeathed all his real estate to his wife to have the use and control thereof until all testator's children became 21 years of age, when the wife who was appointed executrix was required to sell

the real estate and divide the proceeds, one-third to herself and the balance equally between testator's children or their descendants, etc. Held, that the widow's share in the real estate was converted into personalty, so that on her death such share descended to her distributees as personal property.

2. Same—Vesting of Estate.—Testator bequeathed his real estate to his widow until his youngest child became 21 years of age, at which time it was to be sold, and the proceeds divided one-third to the widow and the balance equally between the testator's children and their descendants, the descendants getting the portion the parent would have received. Held, that the children's share in the real estate did not vest until the youngest child became of age, and hence the surviving husband of one of such children who died prior to the vesting of the estate took no interest therein.

J. H. POWER and R. J. BABBITT for appellant.

## SUMMARY.

1. The farm devised by Jaakin Ware was by the doctrine of equitable conversion converted into personalty from the time of his death. (Hocker v. Gentry, 3 Met. 473.)

2. Mary Ware, daughter of testator, Jaakin Ware, had a vested estate in the farm left by him from the date of his death. It was a defeasible fee. (Aultman v. Gibson, 67 S. W. 57, and cases cited therein; Roper on Legacies, vol. 1, pp. 392 and 387; Jarman on Wills, vol. 1, pp 806 and 841; Byrnes v. Stilwell, 57 Am. Rep. 760; Reeds Appeal, 4 Am. St. Rep. 588; Roberts v Roberts, 3 Am. St. Rep. 344; Cathey v. Cathey, 49 Am. Dec. 714.)

3. Mary Ware Ross' interest having become vested was not divested by her death because she left no children. Two things were necessary to divest it: First, that she die before distribution; second, that she leave a child. (Jarman, vol. 1, pp. 827 et seq; and 829; Byrnes v. Stilwell, 57 Am. Rep. 760.)

4 W. W. Ross, a surviving husband is entitled to one half of the interest his wife took under the will.

JNO. P. McCARTNEY and B. S. GRANNIS for appellees.

## AUTHORITIES CITED.

Aultman & Co. v. Gibson, 67 S. W. 57-58; Ferguson v. Thomas, &c.. 87 Ky. 523; Willson. &c., v. Bryan, &c., 90 Ky. 483, 484 and

485; Birney v. Richardson & Ford, 5 Dana 424, 430 and 431; Thackston v. Watson, 84 Ky. 210-211.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Affirming.

This appeal presents for construction the following will:

"I, Jaakin Ware, bei g of sound mind and disposing mind and memory, do hereby publish and make this my last will and testament revoking all former wills or codicils heretofore made by me. First: My executrix hereinafter mentioned shall first pay all my just debts, funeral expenses and cost of administration.

"Second: I will and bequeath all of my personal and real estate to my wife, Mary S. Ware, upon the following conditions and limitations to-wit: She is to have the use and control of all my real estate of every kind until all of my children shall become 21 years of age, free and independent of the control of any and all persons, my children are to have the privilege of living with my wife and she is to take care of them, feed, clothe and educate them as best she can the same being left to her judgment and discretion, as I have great confidence in her motherly instincts and that she will do by them as her own. In case any of my children should marry or become dissatisfied then they are no longer to live with said wife unless by agreement between them; when all of my children become 21 years of age, then my executrix or executor hereinafter mentioned shall sell my real estate at public outcry to the highest and best bidder upon such terms as he or she may think proper and he or she may and are to have the power to make a deed of conveyance to the purchaser with

covenants of general warranty, and to convey same in fee simple, free and independent of any court, the proceeds of said farm shall be divided as follows: One third to my wife, Mary S. Ware, and the balance to be equally divided between my children or their descendants, the descendants getting the portion the parent would have gotten. In case any of the personal property which I possess now remains at the time my children all become 21 years of age, then the same shall be converted into money and divided as the proceeds of the realty.

"Third: Having confidence in the integrity and ability of my wife, Mary S. Ware, I hereby appoint her executrix of this my last will and testament, and she shall execute the same as aforesaid. In case she should die before the same is executed in full, I hereby appoint Wm. H. Whaley, executor, and he is to take her place and execute the same in full as heretofore directed."

The judgment from which this appeal is prosecuted was rendered by the court below in an action brought by the appellee C. A. Glasscock, administrator with the will annexed of Jaakin Ware, deceased, to obtain a construction of the will and distribution of the testator's estate as therein provided. The appellees Annabel Glasscock, Anee Ware, wife of C. A. Glasscock, and Ida Ware, the only surviving children of the testator and devisees under the will, joined with the administrator as plaintiffs in the action, and the appellant W. W. Ross was made a defendant therein. The object and result of the action cannot be better explained than by inserting in the opinion a copy of the judgment rendered by the circuit court, which is in words and figures as follows:

"This cause coming on to be heard on the construc-

tion of the will of Jaakin Ware, deceased, and the rights of Annabel Glasscock, Ida Ware, and W. W. Ross in the estate of decedent, and the court, being sufficiently advised, adjudges that by virtue of the will of Jaakin Ware, deceased, the real estate of decedent is to be treated as personalty and disposed of as personal estate. The court adjudges that the intent and purpose of the testator, Jaakin Ware, in making said will, was that his children living at the time the youngest child became 21 years of age, or in case of the death of any of said children prior to the time the youngest child became 21 years of age, leaving descendants, the property devised the children of decedent should be divided equally between the children living at the time the youngest child became 21 years of age, and, in case that any one of said children should be dead at that time leaving descendants, the descendants would take the share that their parent would have received if living, and the court adjudges that Harvey Ware having died unmarried and childless, and Mary D. Ware, who married W. W. Ross, having died leaving no children, and Annabel Glasscock and Ida Ware being the sole surviving children of decedent at the time of the arrival of Ida Ware at the age of 21 years, they are the sole devisees under the will of decedent of the property devised by decedent to be equally divided between his children or their descendants on the arrival of all his children at the age of 21 years. It is adjudged by the court that the proceeds of two-thirds of the property of decedent, real and personal, shall be divided equally between Annabel Glasscock and Ida Ware after the payment of the expenses of the settlement of the estate and the indebtedness of decedent, if any. It is adjudged that W. W. Ross,

the surviving husband of Mary D. Ross, nee Ware, had no interest in said property.

"As to the one-third interest devised Mary S. Ware, widow of Jaakin Ware, deceased, that was sold and conveyed by her heirs at law to Jared Ware, and by Jared Ware to Annabel Glasscock, Mary D. Ware, Harvey Ware, and Ida Ware, the court adjudges that Mary D. Ware acquired by virtue of said conveyance a vested interest in said one-third interest of Mary S. Ware, deceased, the interest of Mary D. Ross under the conveyance being a one-fourth of said one-third interest, that Harvey Ware, brother of Mary D. Ross, Annabel Glasscock, and Ida Ware, having died prior to Mary D. Ross, intestate and childless, his father and mother both being dead, Annabel Glasscock, Mary D. Ross, and Ida Ware received his interest therein as heirs at law, making the interest of Mary D. Ross in said one-third interest of Mary S. Ware, deceased, the one-third thereof derived by conveyance and inheritance. The court adjudges that W. W. Ross as the surviving husband of Mary D. Ross is entitled to one-half of the one-third interest of Mary D. Ross in said one-third interest conveyed to her Annabel Glasscock, Harvey Ware, and Ida Ware by Jared Ware, subject, however, to the indebtedness of the said Mary D. Ross, if any, and the expenses of the settlement of the estate of the said Mary D. Ross, deceased. The court adjudges that said interest is subject with the remainder of the estate, to the payment of the indebtedness of Jaakin Ware, if any, and the cost of the settlement of the estate of the said decedent.

"The remaining two-thirds of said interest devised Mary S. Ware, deceased, in said property, vests ab-

solutely in Annabel Glasscock and Ida Ware to be diveded equally between them, subject to the expense incident to the settlement of the estate of Jaakin Ware, deceased. All other questions herein reserved. To that portion of the judgment herein construing said will holding that W. W. Ross has no interest in two-thirds of the estate of decedent, the defendant W. W. Ross objects and excepts, and prays an appeal to the Court of Appeals, which is granted.''

Appellant appeals from only so much of the judgments as excludes him from participating in two-thirds of the estate to be distributed and which the judgment directs shall be paid to the appellees Anna-bel Glasscock and Ida Ware in equal parts.

It appears from the record that the testator was survived by his wife, Mary S. Ware, and four children, viz., Annabel Ware, who became the wife of C. A. Glasscock; Mary D. Ware, who became the wife of W. W. Ross; Harvey Ware and Ida Ware. The widow, Mary S. Ware, died several years after her husband. Her death was followed by that of Harvey Ware and that of the latter by the death of Mary D. Ross. Harvey Ware was never married, and left no children, and Mary D. Ross also died childless. Mary S. Ware, Harvey Ware, and Mary D. Ross all died before Ida Ware, the youngest of the testator's children, became 21 years of age. It seems to be conceded by all the parties to the action that the interest in her husband's estate devised Mary S. Ware by the will vested in her at his death, and that, as she was the second wife of the testator and only the step mother of his children, her interest in the estate at her death passed under the statute to her mother, Maria J. Whaley, who, in conjunction with her children, sold and conveyed the same to

Jared Ware, who, in turn, sold and conveyed it to
Annabel Glasscock, Harvey Ware, Mary D. Ross, and
Ida Ware.   So in this way they each became the
owner of a one-fourth of the one-third interest form-
erly owned by Mary S. Ware in their father's estate.
The death of Harvey Ware made each of his sisters
the owner of a third of the Mary S. Ware third;
and, as the interest of their step mother in the estate
thus acquired by the three daughters must, under
the provisions of the will of their father, be treated
as personal estate, it necessarily follows that upon
the death of Mary D. Ross one-half of her third of
the step mother's share of the estate passed under
the statute to her husband, the appellant, W. W.
Ross, and the other half to her two sisters, Annabel
Glasscock and Ida Ware, in equal parts, as declared
by the judgment of the lower court.   As this part of
the judgment is not assailed by appellant, we will
give no further attention to that feature of the case.

Appellant's contention is that the two-thirds of
the testator's estate devised all his children by the
will vested in them at his death, and is by the pro-
visions of the will to be treated as personalty, that
his wife was the owner of a third of the two-thirds,
and that at her death one-half of her third, or one-
sixth of the two-thirds, passed to him under the
statute as her surviving husband.   We think the
construction of the will contended for by appellant
was properly rejected by the circuit court.   Viewing
the will as a whole and giving to each of its provi-
sions such meaning as its language seems to warrant,
we think it clearly manifests an intention on the part
of the testator to secure to his children two-thirds of
his estate, but that the title thereto should not vest
in them until all—that is, the youngest—should be-

come 21 years of age, but it devises the entire estate to the testator's wife until that time. When, however, the youngest child became 21, two-thirds of the proceeds of both the real and personal estate the will declares is to go to the children then living, or the descendants of such of them as may have died. The devise to the testator's wife was to preserve his estate, and let it be jointly used and enjoyed by his wife and children until the arrival of the youngest child at the age of 21 years, at which time and as a result of the division then to take place each child or the child or children of such as may have died to take for the first time absolute title to the share received by him or her in the division. The entire language of the will indicates that the testator contemplated a considerable interval of time between his death and that of the arrival of the youngest child at the age of 21 years, and that in that interval some of the children might marry and die. In the latter event he intended, for the will so declares, that the descendants of the child dying should take what the parent, if living, would have received; but he obviously did not intend that the surviving husband or wife of a child dying before the period of converting the land and personal property into money and dividing it should receive any part of the share of the estate to which such child, would if living, have been entitled. Hence it is but reasonable to assume that it was the intention of the testator to defer the vesting in his children of the title to the estate devised them until the period fixed by the will for the distribution and its delivery to them, should arrive, viz., when the youngest child became 21 years of age. This conclusion is, we think, supported by the following authorities: Ferguson v. Thomason, 87 Ky. 526, 9

S. W. 714, 10 Ky. Law Rep. 562; Wilson, etc., v. Bryan, etc., 90 Ky. 483, 14 S. W. 533, 12 Ky. Law Rep. 431; Birney v. Richardson, etc., 5 Dana, 424; Thackston v. Watson, 84 Ky. 210, 1 S. W. 398, 8 Ky. Law Rep. 193; Aultman v. Gibson (Ky.) 67 S. W. 57. In Ferguson, etc., v. Thomason, supra, it is said: "If, however, the gift is not to take effect until the termination of a particular estate, and by reason thereof the distribution of the bounty is to take place some time subsequent to the time of the testator's death, then the most natural meaning of the words of survivorship is that they relate to the period of distribution, and this is now both the English and the American rule." Manifestly appellant was not entitled to any part of the estate devised by the will of the testator to his wife.

The judgment of the circuit court, being in accord with the conclusions herein expressed, is affirmed.