## Melton, et al. v. Sellars, et al.

(Decided January 13, 1916.)

## Appeal from Henderson Circuit Court.

1. Descent and Distribution—Advancements—Section 1407 Kentucky Statutes.—Under section 1407 of the Kentucky Statutes only intestate property can be used to equalize advancements made by a parent to his descendants.
2. Wills—Construction—Section 4839 Kentucky Statutes.—Under section 4839 of the Kentucky Statutes, real estate owned by the testator at the time of his death, acquired after the execution of his will, passes under the will, unless a contrary intention shall appear by the will.
3. Wills—Devise to Body of Persons.—A devise to a body of persons uncertain in number at the time of the execution of the will and to be ascertained at a future time is a devise to them as a class, and not as individuals.
4. Wills—Construction.—The cardinal principle controlling the construction of wills is that the intention of the testator must govern.

N. P. TAYLOR and B. S. MORRIS for appellants.

DORSEY & DORSEY for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Elijah Sellers, Sr., died in April, 1913, a resident of Henderson county, leaving a will dated July 21, 1912, which was probated May 26, 1913. By the first section of his will he directed the payment of his debts, and by the second section made provision for his wife, Anna Sellers. Controversies arising in this action grow out of the third clause, which is as follows:

"Third. I have made advancements to my daughters, Mrs. Arabella Thornsberry, Mrs. Frances Melton, deceased, Mrs. Ann Hargiss, Mrs. Jane Melton and Mrs. Ada Mitchusson, and to my sons, Isom Sellers, Elijah Sellers, Jr., Robert Sellers, Randall Sellers and Rufus Sellers, Jr., and desire them including my deceased daughters' children to share equally in my estate, the grandchildren to represent one share but the three first, namely: Mrs. Thornsberry, Mrs. Ann Hargiss and the children of Mrs. Frances Melton, deceased, have not received as much as the others, who have received shares of equal value, and subject to the devise to my wife. I bequeath all the residue of my estate to them in equal parts, except that in making the division, Mrs. Arabella Thorns-

berry is to have in value of the estate $3,000.00 (three thousand dollars), the children of Mrs. Frances Melton in equal parts $3,000.00 (three thousand dollars), and Mrs. Ann Hargiss $1,500.00 (fifteen hundred dollars), and I hereby cancel and discharge a note I hold on her for $1,000.00 over and above my other seven children.

"I also recommend that the equalization above provided for be made in the division of the land if practicable, and that care be used in the selection of men to make said division, it being my earnest wish to make my children equal shares in the estate I leave after paying my debts and providing for my wife, and taking into consideration what I have already given them.

"Should I survive my wife, the property herein devised to her is to be divided among my children and grandchildren on the same principles as my other estate.

"To avoid misunderstanding, if any of my children, now living, died before this will takes effect, their children, as in the case of my deceased daughter's children, are to receive what their parents would have taken if living, and so as to any children of any grandchild that may be dead at that time, who would if living have taken an interest under my will."

Isom Sellars, after qualifying as executor, filed this action in the Henderson Circuit Court to settle the estate of said decedent, and to divide his property among his devisees according to the will.

Appellants by answer presented the following three propositions in separate paragraphs:

I. A denial of the allegation that Elijah Sellars had by the terms of his will made all of his children equal.

II. That Robert L. Sellars, a son of Elijah Sellars, and one of the devisees under the third clause of his will, had died, intestate without issue and the owner of ninety-nine acres of land, after the execution of the will and before the death of the testator, and that as the said Robert L. Sellars' mother was dead, his father inherited his land, and that this land so inherited by his father from Robert L. Sellars did not pass under the will of said Elijah Sellars, but that as to this land he died intestate.

III. That the devise to Robert L. Sellars under the will of Elijah Sellars failed and became void on account of the death of Robert L. Sellars before the testator, and property that would have gone to Robert L. Sellars had

he survived the testator should not pass under the will of Elijah Sellars, but should pass as in the case of intestacy.

A demurrer was sustained to the answer, and appellants appeal.

In view of our conclusion that all of testator's property passed under his will, and he died intestate as to none of it, it will be unnecessary to pass upon the proposition presented by the first paragraph of appellant's answer, since under section 1407 of the Kentucky Statutes only intestate property may be used to equalize heirs.

The second proposition presented by their answer is refuted by section 4839 of the Statutes, which provides:

"A will shall be construed, with reference to the real estate comprised in it, to speak and take effect as if it had been executed immediately before the death of the testator unless a contrary intention shall appear by the will."

There is no contention that any contrary intention appears from this will, and it results that the land of Robert L. Sellars was inherited by his father, Isom Sellars, and passed with the rest of his property under the will.

On the third proposition presented by their answer, counsel for appellants argue most insistently that by the third clause of this will testator devises his property to his children not as a class, but severally and individually, and that section 2064 of the Statutes does not apply. They admit in their brief that if said section applies the devise to Robert L. Sellars did not lapse and become intestate property, but passed to the surviving devisees, and they admit section 4843 of the Kentucky Statutes does not apply. Counsel for appellees insist with equal vigor that said section (2064) devises the residuum of the estate to the devisees as a class and not as individuals, and in support of each contention authorities are cited. It will be noticed that this section of the statute is made to apply, not only when a devise is made to several as a class, but as well when made to several as tenants in common or as joint tenants. Under section 732, sub-section 28, of the Civil Code, the term "joint tenants" embraces tenants in common and in co-parcenary. Clearly, under said clause of testator's will, his real estate was devised to his children as joint tenants as above defined, and the surviving devisees, under section 2064 take the share of the deceased devisee, who had no

issue. And not only did they take the real estate as joint tenants, but we are sure the intention of this testator, as expressed by his will, was that they take the entire residuum of all his property as a class rather than as individuals. He does not devise his property to each of his children, naming them, as was done in the cases relied upon by appellants. It is true he names all of his children, but only for the purpose of equalizing them. In only one line of that third clause of his will does he devise or bequeath anything, and in that line he says, "I bequeath all of the residue of my estate to them in equal parts." All of the rest of the clause is introductory or explanatory. Whom does he mean by the "them" used in said line? Not his children named above, for so anxious was he that the residue of his property should go, *per stirpes,* to his descendants, he added the last sentence of this clause in which he says:

"To avoid misunderstandings, if any of my children, now living, died before this will takes effect, their children, as in the case of my deceased daughter's children, are to receive what their parents would have taken if living, and so as to any children of any grandchild that may be dead at that time, who would if living have taken an interest under my will."

Clearly the testator here was not devising his property to any individuals, naming them, but rather to such of his descendants as might survive him; and under Thomas v. Thomas, 73 Am. State Rep., 413, and Jarman on Wills, page 232, cited by appellants, the devise is to a class and not to individuals, if the gift is "to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time."

That the testator, in attempting to provide that under any and all conditions the residuum of his property should go to his descendants, inadvertently neglected to expressly provide for one contingency that did happen, namely: the death of a child without issue, does not alter his apparent intention, nor the construction of his will in accordance with such intention. The cardinal principle controlling the construction of wills is that the intention of the testator must govern. 40 Cyc, 1386, and note 85.

It therefore results that none of the paragraphs of appellant's answer presented a defense and the demurrer thereto was properly sustained.

The judgment is affirmed.