## Struss v. Fidelity & Columbia Trust Company, Trustee Under the Will of Henry C. Hess, Deceased.

(Decided November 19, 1918.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Wills—Construction of—Substitution of Words.—To effectuate the intention of the testator, it is allowable to substitute the word "either" for the word "both."

2. Wills—Construction of—Devise to a Class.—Whether a devise or a bequest is to a class or to the individuals constituting a class will depend upon the language of the will and if it appear that the number of persons who are to take and the amount of their

shares are uncertain, the beneficiaries will generally be held to take as a class; but where the number of beneficiaries is certain and the share each is to receive is also certain, it is not a gift to a class but to the individuals, and so where the beneficiaries are named and their shares are certain they will take as individuals and not as a class.

B. F. WASHER for appellant.

FURLONG, WOODBURY & FURLONG for appellee, Charles W. Schoeffel.

TRABUE, DOOLAN & COX for appellees, John C. Schoeffel, Amelia N. Vodack, Alydia H. Schoeffel and Emma C. Haeberlin.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Henry C. Hess, a bachelor, had two sisters, Catherine Struss and Elizabeth Schoeffel, and several nieces and nephews. In 1908 he made his last will, which, after his death in 1914, was probated in the Jefferson county court.

In his will, after making several bequests to certain named nieces and nephews, as well as grandnephews, and after giving each of his two sisters certain real estate described in the will, he provided in clause eight that, "All of the rest and residue of my estate, both real and personal, I give, devise and bequeath to the Fidelity Trust Company, of Louisville, Kentucky, to be held by it for the benefit of my sisters Catherine Struss and Elizabeth Schoeffel. Said trustee is to pay the income from said fund to my two sisters equally during their natural lives. At the death of both of my said sisters her share is to pass to her issue, if any, and it is my wish that said trustee shall hold said estate until the death of both sisters, and when both shall die, the estate shall pass to their heirs.

"I authorize and empower said trustee to sell any real estate I may own at the time of my death, but before doing so, said executor shall obtain the consent of my said two sisters, or the survivor, if one shall be dead."

In April, 1916, about two years after the death of the testator, Elizabeth Schoeffel, one of the sisters mentioned in clause eight, died, leaving several children. After her death a controversy came up between the children of Mrs. Schoeffel and Mrs. Struss regarding the distribution of the income of the estate included in clause eight of the will, Mrs. Struss claiming that she was en-

titled to the entire income accruing after the death of her sister, Mrs. Schoeffel, while the children of Mrs. Schoeffel insisted that Mrs. Struss should only receive one-half of the income and that the other one-half should be paid to them.

After this controversy had been pending awhile the Fidelity and Columbia Trust Company, which had been named in the will as trustee and executor of the estate, brought this suit for a construction of the will of the testator, Henry C. Hess, and especially the eighth clause thereof, asking the court to determine whether Mrs. Struss was entitled to the whole of the income or only to one-half thereof. The case having been submitted to the lower court it was adjudged that Mrs. Struss was entitled to one-half of the income and the heirs of Mrs. Schoeffel to the other one-half, and of this judgment Mrs. Struss complains, insisting that she was entitled, during her life, to the whole of the income, which amounted to about $3,600.00 a year.

With this statement of the facts it will be seen that the question submitted to the lower court as well as to this court is the proper construction in respect to the matter at issue of clause eight of the will; but, in determining this issue, it is appropriate that a brief statement of some other facts appearing in the record should be made in order that the intention of the testator may be arrived at.

It appears, as we have said, that he only had at the time the will was made the two sisters named, and that he was devotedly attached to each of them, one no more than the other. It further appears from the will that although he gave a part of his estate to certain named nephews and nieces as well as grandnephews, the principal objects of his bounty were his two sisters, and, in addition to the estate devised by clause eight, he gave to each in fee certain described real property, thus making it plain that the testator, who seemed to be a man of considerable means, was desirous that his two sisters, during their respective lives, should have ample estate to comfortably support them.

It may here be further noticed for the purpose of illustrating that the will was written by an experienced draftsman that in clause two, by which he gave specified bequests to certain named nephews and nieces, it was

provided that, "In the event of the death of any of my said nephews or nieces, before my death, such bequest shall pass to their heirs-at-law." And that in clause three, in which he gave to certain named grandnephews each a specified sum it was provided that, "In the event of the death of any of said grandnephews, said sum shall pass to their issue, if any, and if any shall die without issue, his share shall pass to the survivors."

And in clause four, in which he gave to the children of his deceased sister, Henrietta Eggers, the sum of $200.00 each, it was provided that, "In the event of the death of any of said children without issue, his or her share shall pass to the survivors."

While in clauses six and seven he devised "absolutely" to each of his two sisters certain described real estate.

Coming now to clause eight, and keeping in mind that the draftsman of the will knew how to give the fee and the legal effect as well as difference between a devise with the condition that the estate bequeathed should in a certain named contingency pass to "the heirs at law," and a devise with the condition that in a certain named contingency the estate should pass to the "survivors" of the named devisees, we will now take up clause eight for the purpose of determining the correctness of the judgment appealed from.

It seems very plain to us that the words in the eighth clause, "her share is to pass to her issue, if any," refer to the income of the estate and not to the corpus because it is expressly provided in the last words of this clause that the trustee should hold the estate "until the death of both sisters and when both shall die the estate shall pass to their heirs." In other words the corpus of the estate was to be held by the trustee until the death of both sisters and then distributed to their heirs. Having this view of the matter it is very clear that there would be no difficulty whatever in the construction of this clause if the word "either" should be substituted for the word "both," so that the third sentence would read: "At the death of *either* of my said sisters her share is to pass to her issue, if any." It would therefore appear that if it is allowable to substitute in a will one word for another in order that the intention of the testator may be effectuated, the proper construction of this

eighth clause is susceptible of a very simple solution; and that it is allowable to substitute a word in a will when substitution is necessary to carry out the intention of the testator is too well settled to need more than a mere citation of authority; because, as said in Redfield on the Law of Wills, 454, cited with approval in Aulick v. Wallace, etc., 12 Bush, 531: "It is an established rule in the construction of wills that when it is evident the testator has not expressed himself as he intended to have done, and supposed he had done, and the defect is produced by the omission of some word or words, and when it is certain beyond reasonable doubt what particular words were omitted, they may be supplied by intendment and the will read and construed as if those words had been written." And in 2 Williams on Executors, sec. 978, that: "To effectuate the clear intention, as apparent on the whole will, words and limitations may be transposed, supplied or rejected." Other illustrative cases fully supporting this rule and authorizing the substitution of words are, Moore's Admr. v. Sleet, 113 Ky. 600; Buschmeyer v. Klein, 139 Ky. 124; Shaver's Admr. v. Ewald's Exor., 142 Ky. 472; Dockery's Executors v. Dockery, 170 Ky. 194.

So that if it appears from the whole will that it was the intention of the testator to make an equal provision for his two sisters and their children the word "either" should be substituted for the word "both" in order to carry out this intention. Upon this point it was aptly said by the lower court in its opinion: "By this eighth paragraph, it is clear the testator meant to provide for these two sisters upon a scale of perfect equality. There is not a line in it which suggests to the court a purpose, at any stage of the existence of this life estate, or the income thereof, the survivor was to profit by any contingency, such as the death of the other. There is nothing to show he intended one should ever have a greater interest in this income than the other. Hence, it seems inequitable and unreasonable, in the absence of any clearly implied intention or express provision to meet the contingency that has now happened, to hold that the defendant, Catherine Struss, takes from the date of the death of Elizabeth Schoeffel, for life, or at all, the entire income of this estate created by the eighth paragraph of this will.

"It is true the estate is created for the benefit of the two sisters, but nowhere is it intimated the interest of either is to be enlarged from one-half to the whole for life upon the happening of any contingency. But, on the contrary the second sentence of said paragraph expressly limits the interest of the two sisters to an equal share in this income 'during their natural lives.' This would seem to limit the interest either can ever hold in this income to one-half of said income for the period stated, and to exclude any idea of it being enlarged by any contingency."

In opposition to this view it is contended by counsel for Mrs. Struss that the testator in disposing of the income in clause eight intended to provide for his two sisters and no one else, and therefore the two sisters should be treated as a class and the doctrine of survivorship applied. If it should be admitted that the disposal of the income should be treated as giving it to these two sisters as a class, the doctrine of survivorship would apply and upon the death of one the whole income would go to the other for her life. But the difficulty with this construction is that we find no place for the application of the rule of classification or survivorship. The testator did not, in clause eight, or in any other part of his will, give to these two sisters any estate as a class. In clause six he gave to Mrs. Struss by name certain mentioned personal estate, and also certain described real estate in fee; and in clause seven he gave to Mrs. Schoeffel by name the fee in certain described real estate, and when he came in clause eight to dispose of the residue of the estate, both real and personal, he provided that it should be held by the trustee for the benefit of the sisters, naming them, and that the trustee should "pay the income from said fund to my two sisters equally during their natural lives," and when both shall die the estate shall pass to their heirs. Nowhere do we find even an intimation that the testator intended that either of the sisters should get more than one-half of the income during their lives, and to say that one of the sisters during her life should get the whole of the income would, as we think, do violence to the intent of the testator as expressed in his will.

Our attention has been called by counsel to several cases construing wills in which it was held that the devise or bequest was to a class and hence the doctrine of sur-

vivorship was applied, but in all these cases it was determined according to the settled rule that it was the intention of the testator that the devise or bequest should be to a class, and of course when this intention is ascertained from the reading of the whole will it should prevail.

But it is a further rule, as said in 40 Cyc. 1473, that "whether a devise or bequest is to a class or to the individuals constituting the class distributively depends upon the language of the will. If from such language it appears that the number of persons who are to take and the amounts of their shares are uncertain until the devise or bequest takes effect, the beneficiaries will generally be held to take as a class; but where at the time of making a gift the number of beneficiaries is certain, and the share each is to receive is also certain and in no way dependent for its amount upon the number who shall survive, it is not a gift to a class but to the individuals distributively, and this is generally held to be the case where the beneficiaries are named and their shares are certain." Applying this rule of construction which was approved in Melton v. Sellars, 167 Ky. 704, it is obvious that neither the devise of the income or the corpus of the estate was to these two sisters as a class because each of them by name was given a certain described share in both the income and the corpus.

It is hardly necessary, however, to pursue further an inquiry into the doctrine of classification and survivorship because when we determined that the word "either" should be substituted for the word "both" in order to carry out the intention of the testator, this ended the case, as it settled the only question that need to have been considered.

Upon the whole case we conclude that the word "both" was inadvertently used by the draftsman in place of the word "either," and when the word "either' is substituted for the word "both" there is no room for difference of opinion as to the proper construction of clause eight.

Having this view of the matter the judgment is affirmed.