## American Christian Mission Society v. Tate, et al.

(Decided February 16, 1923.)

### Appeal from Kenton Circuit Court.

Wills—Construction.—A will devising property in the following language: "I give and devise to my brother Zerah Tate, all my property and estate, be the same real or personal, to which I may be entitled, and whereof I may be possessed at the time of my death to have and to hold the same unto him and his heirs forever, and at his death to his living bodily heirs, if he leave any; if not, my real estate to go to the Home Christian Missionary Society" (designating it), is held to vest a fee in Zerah Tate, subject to be defeated by his death without issue, in which case the real property passes to and vests in the missionary society.

DOLLE, TAYLOR, O'DONNELL & GEILSER and JOHN D. ELLIS for appellant.

O. M. ROGERS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Reversing.

The last will of Frances Tate, copied below, is presented in this action for construction:

"I, Frances Tate, of Kenton county, Kentucky, do hereby make and constitute this my last will and testament:

"I give and devise to my brother, Zerah Tate, all the property and estate, be the same real or personal, to which I may be entitled and whereof I may be possessed at the time of my death, to have and to hold the same unto him and his heirs forever, and at his death to his living bodily heirs, if he leave any; if not, my real estate to go to the Home Christian Missionary Society, of which Benj. L. Smith, of Cincinnati, O., is corresponding secretary.

"I nominate my said brother executor hereof and direct that no security be required of him as such.

"Witness my hand to this instrument, which is my handwriting, this the 9th day of August, 1898.

"FRANCES TATE."

It is contended on behalf of the plaintiff, who is executor, that by the terms of the first clause of the will, the devisee, Zerah Tate, took a fee simple title to all of the real estate of the testatrix; while on behalf of the defendant it is contended that said devisee took only a de-

feasible fee, subject to be defeated in the event the said Zerah Tate died without issue, in which event the title to the real estate of Frances Tate, deceased, would vest in the defendant, Home Christian Missionary Society.

The lower court held the following language of the will: "I give and devise to my brother, Zerah Tate, all the property and estate, be the same real or personal, to which I may be entitled and whereof I may be possessed at the time of my death, to have and to hold the same unto him and his heirs forever," passed to and vested in Zerah Tate the fee in the real estate owned by the testatrix and the attempted limitation over, after having disposed of the fee, by using the following language, "and at his death to his living bodily heirs, if he leaves any, etc.," was void and of no effect. In other words having disposed of the fee by the use of the language first quoted, the attempted limitation over was void.

If we separate the will into its apparent parts and read it: "I give and devise to my brother, Zerah Tate, all the property and estate, be the same real or personal, to which I may be entitled and whereof I may be possessed at the time of my death, to have and to hold the same unto him and his heirs forever," we have an absolute estate vested in Zerah Tate. The property is given to him and his heirs forever, which, under every recognized rule of construction, vests in the devisee a complete and perfect estate and title. To the foregoing clause of the will, however, is added, after a comma, "and at his death to his living bodily heirs, if he leave any." The limiting words "to his living bodily heirs," under an ancient and well recognized rule, create an estate tail, unless their force is overcome by other parts of the will showing a contrary intention on the part of the testator. If this be true the estate tail, under our statutes, is converted into a fee in Zerah Tate. In either of said events there would be no estate to pass to the American Christian Missionary Society, which the will mentions in the following language: "If not (meaning if there be no living bodily heirs of Zerah Tate) my real estate to go to the Home Christian Missionary Society, of which Benj. L. Smith of Cincinnati, O., is corresponding secretary." The foregoing technical rules are applicable only when the terms of the will are contradictory or the meaning of the testator obscure and when there is nothing in the will to show the actual intention of the testator; but when the intention of the testator is clearly apparent from a read-

ing of the testamentary paper, all arbitrary rules, no matter how ancient and respectable, must bow in humble submission to the pre-eminently supreme and overmastering criterion of construction which holds that the intention of the maker of the will, when ascertained and known, shall prevail, all other rules of interpretation to the contrary notwithstanding.

Discarding all superfluous words and looking to the substance manifestly the will is: ''I give to my brother, Zerah Tate, all my property, real and personal, to be his for life then to his children but if he die without issue, my real estate to go to the Home Christian Missionary Society.'' Clearly the foregoing is the heart and spirit of the testament. When unencumbered by the workings of the ancient, technical, common law rules of construction of wills, the normal mind which has been trained to read and understand plain English reaches the proper conclusion as to what the testatrix meant by the language employed. No construction is necessary. The fee in remainder passed to his child or children, if any he had; if none, then to the Home Christian Missionary Society. Tate died childless. What can become of the property if we give any force to the plain language of the will, except it go to the said society? If we but let the will speak for itself instead of attempting to construe its plain, unambiguous terms according to a set of abstruse and arbitrary rules, there is not a chance to make a mistake; but if we apply the common law rules we are led far afield. The modern tendency of courts everywhere is to discard, when it can be done, all technical rules of construction anciently employed in the interpretation of deeds and wills, and measure the document by plain, common sense, giving it such meaning as its maker, a rational being, is bound to have intended by the words employed.

Following the rules first set out above, we would hold with the trial court that Tate took an absolute fee in the real property, and this is precisely the result we get if we apply those rules. But we know she intended no such thing. Why not recognize and abide the will she actually made—not make one for her—and hold that Tate took only a defeasible fee, which upon his death without issue passed to the Missionary Society in remainder? This is what the testatrix intended. Reynolds' Exors. v. Reynolds, 187 Ky. 324; Chas. Willett, etc. v. A. H. Willett,

Admr., 197 Ky. 663; Phelps v. Stoner, 184 Ky. 466; Dunn v. Dunn, 191 Ky. 817.

The devise over to the Home Christian Missionary Society is attacked by appellees as too indefinite and uncertain, both as to the devisee and as to the purpose, to be enforceable under the decisions of this court, construing section 317, Kentucky Statutes.

It was to the specific Home Christian Missionary Society of which Benjamin L. Smith, of Cincinnati, was, at the time of the making of this will, corresponding secretary. If the devise had been to Benjamin L. Smith, secretary of the Home Christian Missionary Society, it certainly would have been definite enough to carry it to him. It was likewise sufficiently definite in the name of the missionary society of which Smith was corresponding secretary to carry it to the society. But it is said that the society was misnamed in the will as Home Christian Missionary Society, whereas the missionary society of which Benjamin L. Smith of Cincinnati was secretary was designated as "American Christian Missionary Society," and therefore the devise must fail. This argument would have great force except for the further designation of the society by the words "of which Benjamin L. Smith of Cincinnati is corresponding secretary." With this explanatory clause the argument is futile. Cromie's Heirs v. Louisville Orphans' Home Society, &c., 3 (Ky.) Bush 365; Greer, et al. v. Synod Southern Presbyterian Church of Kentucky, 150 Ky. 155; Gerick's Executors v. Gerick, et al., 158 Ky. 478; Compton, et al. v. Moore, et al., 156 Ky. 544.

Nor do we think the devise must fail because too indefinite with respect to the uses to which the same is to be applied. The American Christian Missionary Society, of which Benjamin L. Smith, of Cincinnati, was corresponding secretary, was at the time engaged in home or American mission work of a Christian character. It was organized for that purpose and its charter so provided. The testatrix so understood, and made the devise with this purpose alone in mind. Where a devise is made to a society or organization founded for and engaged in a specific work without setting out in the will a different use to which the devise is to be applied, the mere devise sufficiently indicates the purpose intended and may be enforced in equity. State Bank and Trust Company, Executor v. Patridge, 198 Ky. 403.

In the case of Kenney v. Kenney, 86 Ky. 610, in discussing this subject, we said:

"A devise to a church 'to be applied to foreign missions' is within the scope of our statute permitting devises to charitable uses." Such a devise is not void for indefiniteness or vagueness, as the language used by the testator indicates definitely the purpose to which he desired his bounty to be applied.

The trial court having applied the technical rules with respect to estates tail, arrived at a conclusion upon the whole case contrary to those above stated. The judgment rendered in conformity therewith must be reversed for proceedings consistent with this opinion.

Judgment reversed.