## MESSER et al. v. CARNES.
### No. 1497.

Court of Civil Appeals of Texas. Waco.
May 17, 1934.

Gentry & Gray, of Tyler, and D. B. Chapin, of Longview, for appellants.

Warren & Warren, of Tyler, for appellee.

GALLAGHER, Chief Justice.

This suit was instituted in the district court of Smith county by appellants, Mrs. T. J. Messer and her husband, T. J. Messer, against appellee, Robert G. Carnes, to recover from him an undivided one-half interest in 128 acres of land situated in said county and to require him to execute a deed to appellant Mrs. Messer conveying such interest therein to her. Appellants alleged that said land was the separate property of Mrs. Frances Carnes Harris, deceased; that Mrs. Messer and appellee were her only children and heirs at law and inherited said land as such. Appellants further alleged that Mrs. Harris was born in the year 1850, and was at the time of the transactions hereinafter recited suffering from senile dementia and subject to the will and control of appellee; that he knew such condition and formed the fraudulent purpose to acquire her estate; that in pursuance of such purpose, he, on September 3, 1921, prepared and caused her to execute a purported

will in which she devised said land to him on condition that he move thereon and support and care for her during the remainder of her life; that appellee, on May 8, 1922, with such knowledge and fraudulent purpose, and with the particular intent to deprive Mrs. Messer of any inheritance from her said mother, caused Mrs. Harris to convey said land to him for a recited consideration of one dollar, support during her life, and burial at her death; that afterwards, on November 15, 1928, appellee caused and procured Mrs. Harris to execute and deliver to him a quitclaim deed to said land for a recited consideration of one dollar and for the purpose of releasing the land from any apparent lien arising out of the language used in the former deed. Appellants alleged that at the time of the execution of each of said deeds, Mrs. Harris was mentally incompetent and subject to the will and control of appellee. They further alleged that appellee concealed the existence of said will and that he did not probate it until after this suit was filed, and that they learned of its existence and probate for the first time when set up in appellee's pleadings herein. Appellants further alleged that Mrs. Harris, in devising said land to appellee upon the conditions alleged, further provided that if he failed to comply with such conditions such devise should be null and void and said land pass to her lawful heirs; that appellee failed to comply with such conditions, and that said devise had become null and void; and in that connection, prayed for a construction of said will.

Appellee denied appellants' allegations and claimed the land as grantee in said deeds and as devisee in said will. He also alleged compliance with all the conditions imposed upon him by the terms of said instruments and prayed for judgment establishing title to said land in him.

A jury was impaneled and the trial of the case begun. The court, on objection of appellee, excluded certain testimony which appellants deemed indispensable to establish their case. No further testimony being offered by them, the court instructed a verdict for appellee and rendered judgment that appellants take nothing and that appellee recover from them the land in controversy.

### Opinion.

Appellants assign as ground for reversal the refusal of the court to permit them to introduce testimony tending to show that Mrs. Harris was of unsound mind on September 3, 1921, when she executed the will in evidence, and that she continued in that condition until her death. The land sued for was the separate property of Mrs. Harris. She died February 17, 1931. Appellant Mrs. Messer and appellee were her only living heirs. Mrs. Harris and appellee resided on said land at the time of her death and had so resided for many years. Appellants, on May 16, 1931, instituted this suit to recover a half interest therein. They did not at that time know of the existence of Mrs. Harris' will. Said will was dated September 3, 1921. The testatrix therein directed that all her just debts be paid, devised the land in controversy to appellee, named an executor, exempted him from giving bond, and directed that no proceedings be had in the county court except those required by statute. The devise of said land to appellee was made subject, however, to the following conditions: "Provided the said R. G. Carnes moves on the said place, and gives me a home the remainder of my natural life, and furnishes all the clothing and victuals necessary for my comfortable existence, and the said Carnes shall bear all necessary work and expense in the upkeep of the place, and if he, the said Carnes, fails to comply with the above specifications, then this part of my will shall become null and void and the said land shall go part and part alike to any lawful heirs that I may have at the time of my death." An application for the probate of said will was filed by the executor named therein, a hearing thereon had, and the will, on November 30, 1931, admitted to probate. The order probating the same contains a recital of all jurisdictional facts and express findings that the testatrix was of sound mind at the time such will was executed and that administration upon her estate was necessary, and directs that letters testamentary issue to the executor upon his qualification. The deeds described in appellants' pleadings, together with said will and the probate thereof, were introduced in evidence. There is, however, no contention that said estate has not been fully administered.

Appellant Mrs. Messer, being upon the stand and testifying, was asked by her counsel to describe her mother's mental status on September 3, 1921 (the date of said will), and continuously thereafter up to the date of her death. Appellee objected to the introduction of such testimony on the ground that appellants' suit was in effect a collateral attack upon the judgment of the county court probating said will, and that testimony with reference to the lack of mental capacity on the part of the testatrix was not admissible for such

purpose. The court sustained the objection. The witness, had she been permitted to do so, would have testified to facts tending to show lack of testamentary capacity on the part of Mrs. Harris at the time she made said will and continuously thereafter until her death. Jurisdiction over original proceedings to probate wills is conferred by the Constitution and laws of this state upon the county court, and upon that court alone. Const. art. 5, § 16; R. S. art. 3290. Ample provisions are made for review of such proceedings in the district court by appeal or certiorari. R. S. arts. 3291, 3698, and 932. Before any will can be admitted to probate, affirmative proof must be made that the testator was of sound mind at the time he executed the same. R. S. art. 3348. When a will has been regularly admitted to probate, special statutory provision is made for contesting the same by an action in the proper court. R. S. art. 5534. The county court in which such will was probated is the only proper court for such contest. Franks v. Chapman, 61 Tex. 576, 578, et seq.; Id., 60 Tex. 46, 49; Heath v. Layne, 62 Tex. 686, 689, 690. District courts have no jurisdiction to annul by an original proceeding the action of a county court in probating a will, their jurisdiction in the premises being confined to review by appeal or certiorari, which are in effect but a continuation of the probate proceedings. Sutton v. English, 246 U. S. 199, 38 S. Ct. 254, 257, 62 L. Ed. 664, and Texas cases there cited. See, also, 3 Freeman on Judgments (5th Ed.) p. 2459, § 1185, and authorities cited in notes 10 and 11. Appellants contend that this suit is not an attack, direct or collateral, upon the judgment of the county court probating Mrs. Harris' will, but merely a suit to have appellee decreed to hold one-half of said land as trustee for Mrs. Messer. Clearly, before the court could so decree, the legal effect of said will and the probate thereof must first be avoided. Since the court in this case had no jurisdiction to annul, set aside, or disregard said will and the probate thereof by direct, affirmative action, it likewise had no jurisdiction to do so by mere implication. Such would be the effect of a judgment establishing in Mrs. Messer an undivided half interest in said land as beneficiary of a constructive trust on the ground that Mrs. Harris was of unsound mind and without testamentary capacity at the time she executed her will, and that appellee, with knowledge of such fact, fraudulently procured the execution thereof and its subsequent probate. Kieley v. McGlynn, 21 Wall. 503, 22 L. Ed. 599, par. 2.

Appellants also assign as ground for reversal the refusal of the court to permit them to introduce testimony tending to show that appellee did not in fact comply with the requirement of the will that he support and maintain Mrs. Harris until her death. The paragraph of the will containing such requirement has been hereinbefore set out in hæc verba. Said paragraph further specifically provided that if appellee failed to comply with such requirement, the devise to him should be null and void and the land should pass share and share alike to the lawful heirs of the testatrix. Compliance by appellee with such requirement was a condition precedent to the vesting of the entire title to said land in him under and by virtue of said paragraph of the will. Minor v. Hall (Tex. Civ. App.) 225 S. W. 784, 787, par. 1; Cliett v. Cliett, 1 Posey, Unrep. Cas. 407, par. 1; Irvine v. Irvine (Ky.) 15 S. W. 511; Carroll v. Carroll, 248 Ky. 386, 58 S.W.(2d) 670, par. 6. Appellants offered to introduce upon the trial of the cause testimony tending to show that appellee did not at his own expense support and maintain the testatrix, as required by the terms of her will as aforesaid. Appellee objected to the introduction of such testimony on the ground that the court having probated the will, such testimony was immaterial. The court sustained the objection and refused to permit appellants to introduce such testimony. The mere probate of the will did not establish affirmatively that appellee had complied with the requirements thereof with reference to support and maintenance of the testatrix. Appellants charged in their petition that appellee had not complied with such requirements, and, in effect, that the devise of the entire land to him was therefore, by the express terms of such will, null and void, and that Mrs. Messer as one of the heirs of the testatrix took an undivided half interest in said land under the alternate devise therein contained. While the testimony so offered was vague and consisted perhaps in part of conclusions, it bore directly on an issue tendered by appellants in their pleadings. The effect of the ruling of the court was to refuse to hear any testimony bearing on such issue. In this we think the court erred, and for such error the judgment is here reversed. Appellee, however not only claimed title under the terms of said will, but also under original and quitclaim deeds from Mrs. Harris to him, both of which were executed subsequently to the execution of the will. Should it be shown that the devise of the entire interest in said land to him was void for noncompliance

with the condition imposed, testimony tending to invalidate said deeds on account of the mental condition of Mrs. Harris or appellee's influence over her, at the time each of the same was executed, would be material.

The judgment of the trial court is reversed, and the cause remanded.