## Gulley, et al. v. Lillard's Exor., et al.

(Decided December 8, 1911.)

### Appeal from Anderson Circuit Court.

1. Wills—Beneficiaries—Consideration by Testator—Children or Grand-children.—Where a testator in making his will instead of naming his grand-children (though a number of them were then living), he invariably deals with them in groups and to stand in the place of the deceased child who otherwise would have been his devisee; held, it is manifest that he intended to deal with classes rather than individuals when considering the offspring of his children, no grand-child is named while each child is named. Held, that his children and not his grand-children were the beneficiaries of his will.

2. Advancements—Consideration Thereof.—Advancements unless charged in the will can be considered only in the distribution of undevised estate.

WM. HERNDON for appellant.

MARION W. RIPY, FRANK L. RIPY for appellee.

F. R. FELAND for Fannie Boswell.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

This action involves the construction of the second clause of, and the codicil to, the will of C. M. Lillard, Sr.

The second clause of the will reads as follows:

"My son, Christopher M. Lillard, Jr., owes me the sum of one thousand, thirty dollars ($1,030.11) and eleven cents as shown by my individual account book, pages 21 and 22, marked on the back thereof "Baptist Church," which amount of one thousand, thirty dollars ($1,030.11) and eleven cents, I have charged to my said son, the said Christopher M. Lillard, Jr., as an advancement; and in order to do equal and exact justice to all my children, share and share alike, I direct that all of my other children, to-wit: Mrs. Sarah Helen Ripey, or her lawful heirs; the lawful heirs, the children of Mrs. Mary Wallace Miles, deceased; Mrs. Fannie M. Boswell or her lawful heirs; and Dr. Gustavus D. Lillard or his lawful heirs, each are to receive the sum of one thousand, thirty dollars ($1,030.11) and eleven cents, before my said son, Christopher M. Lillard, Jr., participates in my estate; and then the residue of my estate, both real and personal, be divided equally among all my children or their lawful heirs."

In another clause dealing with prospective contestants of his will the testator declared as to the bequests which would be forfeited by such contestants, "shall go to my other children if they be living, but if they be dead, then to their heirs, share and share alike."

It is contended for a grandchild of the deceased, Mary Wallace Miles, that the devise was per capita, and not per stirpes. We do not deem it necessary to search the books for meaning of technical words in such wills. It is manifest that the testator meant to deal with classes rather than individuals, when considering the offsprings of his children. No grandchild is named, whilst each child is. Instead of naming grandchildren (though a number were then living) he invariably deals with them in groups—each child's offsprings to represent a group, and to stand in the place of the deceased child who otherwise would have been his devisee. The circuit court so adjudged. We concur.

The codicil admitted to probate was only part of the instrument offered as a codicil, the part admitted being that wholly in the handwriting of the testator. While that rejected was not in his handwriting. That part ad-

mitted, and that rejected, dealt with a possible advancement to Mrs. Boswell. But the part rejected was the only part that could make it an advancement and charge it as such, for the testator had by his will disposed of his whole estate, and advancements, unless charged in the will, can be considered only in the distribution of undevised estates. (Section 1407, Kentucky Statutes.)

As the will probated failed to charge Mrs. Boswell with advancements, it is not material in this case whether the items were such as might have constituted advancements to be accounted for in the distribution of an undevised estate. The circuit court so adjudged. We again concur.

Judgment affirmed.