## Rogers, et al. v. Burress, et al.

(Decided June 15, 1923.)

## Appeal from Christian Circuit Court.

1. Wills—Division "Equally," or "Share and Share Alike," Means Per Capita Division.—Unless a contrary intention is manifested by the will, a provision for a division "equally," or "share and share alike," between or among two or more persons or groups, means a per capita, and not a per stirpes, distribution.

2. Wills—Provision for Division Jointly and "Equally" Among Heirs of Testator and His Wife Held to Require Per Capita Division, "Share and Share Alike."—Where a will provided that the property should be divided among the children of testator's son, share and share alike, and, if there were no children, it should be divided jointly and equally among the heirs of testator and of his wife, the provision for joint and equal division requires a distribution per capita, and not per stirpes, there being no significance in the use of different expressions in the two provisions, since provisions for equal division and share and share alike are generally regarded as synonymous.

3. Wills—Gift to Body of Persons Uncertain in Number at Time of Gift is to a Class.—A gift to a body of persons uncertain in number at the time of the gift is a gift to a class, and not to individuals.

4. Wills—Extraneous Facts Held Not to Indicate Intention to Make Per Stirpes Division.—The fact that wife's brothers and sisters were in number about equal to the brothers and sisters of the husband, but that the wife's mother survived her, so as to be her sole heir, held not to show an intention to make a per stirpes division by a gift of the husband, to be divided jointly and equally among his heirs and those of his wife, in view of the fact that

the wife's separate estate was about equal in value to the husbands' estate, and was given to her heirs, so that a more equal distribution of the joint property resulted from a per capita distribution than would have resulted from a per stirpes distribution.

5.  Wills—Testator's Intention must be Ascertained from What He Plainly Said.—It is the court's duty to ascertain the testator's intention from what he plainly said, without reference to extraneous facts.

WHITE & CLARK for appellants.

THOS. P. COOK for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

By his will, Finis Rogers devised all of his property to his wife for life, and provided that:

"At her death it is my will, and I so devise, that three hundred dollars ($300.00), 80 to Maggie Burress and the remainder to my adopted son, Milford McNeeley, should he be living; or if he should be dead and should have children, then to his children share and share alike. In the event that Milford McNeeley should not be living and should have no children, then the remainder of my estate shall descend jointly and equally to my heirs and the heirs of my wife, Fannie Rogers."

Mrs. Rogers, Milford McNeeley, and his only child died before the testator, and the controversy is, whether under the last provision quoted above his numerous heirs and the sole heir of his wife take *per capita* and as one class, as the former contend, or as two classes and *per stirpes,* as the lower court adjudged.

We have held in an unbroken line of cases that unless a contrary intention should be discoverable from the will, a provision for a division "equally" or "share and share alike" between or among two or more persons or groups, means a *per capita* and not a *per stirpes* distribution. Lachland Heirs v. Downing's Extr., 11 B. Mon. 32; Bethel v. Major, 24 Ky. L. R. 398; Wells v. Newton, 4 Bush 158; Brown's Extr. v. Brown's Devisees, 6 Bush 648; Purnell, etc. v. Culbertson, 12 Bush 369; Murray, et al. v. Huffaker, Admr., et al., 13 Ky. Opns. 1034; Mc-Fatridge v. Holzclaw, 94 Ky. 352, 15 Ky. L. R. 312, 22 S. W. 439; Fields v. Fields, 93 Ky. 619, 120 S. W. 1042; Hughes v. Hughes, 118 Ky. 751, 26 Ky. L. R. 625, 82 S. W. 408; Kaufman, et al. v. Anderson, et al., 104 S. W. 340; Gulley v. Lillard's Extrx., 145 Ky. 746, 141 S. W. 58;

Armstrong v. Crutchfield, 150 Ky. 641, 150 S. W. 835; Justice v. Stringer, 160 Ky. 354, 169 S. W. 836; Prather v. Watson's Extr., 187 Ky. 709, 220 S. W. 532; Fischer v. Lange, 190 Ky. 699, 228 S. W. 684.

This rule with its qualifications is quite universally recognized, and is thus stated in 40 Cyc. 1490:

"Where the subject of a testamentary disposition is directed to be 'equally divided,' or to be divided 'share and share alike,' or where similar words are used which indicate an equal division between or among two or more persons, the persons between or among whom the division is to be made take *per capita,* 'unless a contrary intention is discoverable from the will.'"

See also McIntire v. McIntire, 192 U. S. 116, 24 Sup. Ct. 196, 48 L. Ed. 369.

In every one of the above cases relied upon by appellee, where similar words were used in the involved clause of the will and a *per stirpes* distribution was ordered, the rule as above stated was recognized, and there was found in the will itself language that showed such a distribution to have been intended by the testator, or which rendered his meaning so obscure as to permit of oral testimony to explain the ambiguity. In this will there is no other provision or language that can control, or even aid in the construction of the provision that the property of the testator "shall descend jointly and equally to my heirs and the heirs of my wife, Fannie Rogers," and there is no ambiguity.

Hence the conditions are not present that warrant an application of the exception to the rule rather than the rule itself, or a resort to extraneous evidence to ascertain the testator's intention.

Counsel for appellees' one contention to the contrary is based upon the use of "share and share alike" in the preceding sentence with reference to the children of Milford McNeeley, and "jointly and equally" with reference to the heirs of the testator and his wife. But in many of the above cases, in stating the rule we have treated these two expressions as synoymous, except that the word "jointly" does not seem to have been employed in connection with "equally" in any of them. Obviously the testator's use of "jointly and equally," rather than "equally" merely, makes this case a stronger one for the application of the general rule than any of those in which it has been applied, since unmistakably it indicates the

intention of joining the two naturally separated groups into a single group or class for his purposes.

Nor do the cases of Melton, et al. v. Sellers, et al., 167 Ky. 704, 181 S. W. 346; and Struss v. Fidelity & Columbia Trust Co., 182 Ky. 106, 206 S. W. 177, state or apply a different doctrine, or support the judgment herein. In so far as relied upon, they simply hold, as do we now, that the devise is to a class and not to individuals, where the gift is to a body of persons, uncertain in number at the time of the gift.

The only difference between those cases and this one with reference to this rule of construction is, that in them the class or group referred to took but one of several portions into which the estate was to be divided, while here a single class, composed of the uncertain heirs of the testator and his wife, takes the entire estate, "jointly and equally," except for a small devise to a named individual.

We are therefore clearly of the opinion that this will must be construed to order a *per capita* division among the members of a single class composed of the heirs of the testator and his wife, and the chancellor erred in holding otherwise.

In the effort to sustain the judgment of the lower court, much stress is laid upon the fact that by the mere chance that the wife's mother survived the testator but his father did not, the heirs of the testator, by reason of their number, receive most of his estate, and that this is not in accord with the testator's intention, since he must have anticipated that his wife's mother, as well as his own father, would have died before his own death, and that he therefore really contemplated and desired that his own brothers and sisters, and those of his wife—about equal in number—should share his estate as two separate classes.

The reason advanced to support this belief is, that the testator and his wife each owned about the same portion of the one farm which they had operated together, and from which they had, jointly made what personal property he owned and disposed of by his will. But even if we could resort to the extraneous facts and circumstances surrounding the testator at the time he made his will and at the time of his death to vary the plain provisions of his will, we could not ignore, as does counsel for appellee, that Mrs. Rogers' separate estate, which is

not much less than that of the testator, passed entirely to her heirs, and if it was his desire that the heirs of himself and his wife should each receive approximately an equal amount from their joint efforts and savings, that result happens to be more nearly accomplished by the construction which in our judgment the language of the will demands, than by the construction for which appellees contend.

However, even if this were not true, it would still be our duty, under all the cases referred to above, to ascertain the testator's intention from what he plainly said, and to construe his will as we have done.

Wherefore the judgment is reversed, and the cause remanded for proceedings consistent herewith.