## Yarrington, et al. v. Freeman, Jr., et al.

(Decided November 23, 1923.)

### Appeal from Fayette Circuit Court.

1. Deeds—"Heirs of His Body" Embraces Descendants Existent at Every Period.—The expression in a deed "and at his death then to the heirs of his body," according to the rules of the common law and that generally recognized throughout the country, embraces descendants existent at every period.

2. Deeds—Wills—"Natural Heirs," "Heirs of the Body," "Lawful Issue," and "Lawful Bodily Heirs" Construed.—The terms "natural heirs of his body, in fee forever, share and share alike, tenants in of the same legal import, but the term "lawful issue" is not in all respects synonymous with the term "lawful bodily heirs," nor is "issue" equivalent to "heirs of the body."

3. Deeds—"Heirs of His Body" Held Not to Refer to Children, and Grandchildren Took Remainder Equally with Children.—Under a deed conveying a life estate to one "and at his death then to the heirs of his body, in fee forever, share and share alike, tenants in common, held that life tenant's children and grandchildren participated equally in a distribution after his death, notwithstanding reference elsewhere in the deed to "children."

HUNT, NORTHCUTT & BUSH for appellants.

D. GRAY FALCONER and FALCONER & FALCONER for appellees.

Opinion of the Court by Chief Justice Sampson—
Affirming.

The court is asked to say whether the three grand-
children of John D. Yarrington take *per capita* or *per
stirpes* under the terms of a deed made August 8, 1890,
by which John D. Yarringtton was conveyed a life estate
"and at his death then to the heirs of his body, in fee
forever, share and share alike as tenants in common."
Yarrington is dead.    In 1890 Arabella D. Huntington,
joining her distinguished husband, Collis P. Huntington,
conveyed to Mrs. Huntington's brother, John D. Yarring-
ton, then of Fayette county, Kentucky, a tract of 300
acres of land near Lexington for his life and then to "the
heirs of his body," reserving certain specified powers.
At that time the Yarringtons had four children.    One of
the daughters married a Mr. Freeman and became the
mother of three children and died before the death of
her father, John D. Yarrington.    A short time before
the commencement of this action John D. Yarrington de-
parted this life, leaving surviving him three children and
three grandchildren by his daughter, Mrs. Freeman.

The terms of the deed necessary to a determination
of the questions before us, read:

"This Deed, made this eighth day of August, 1890, by,
and between Arabella D. Huntington and Collis P. Hunt-
ington, her husband, of the city, county and state of New
York, parties of the first part, and John Yarrington, of
Fayette county, state of Kentucky, party of the second
part;

"Witnesseth: That the said parties of the first
part, for and in consideration of the sum of one ($1.00)
dollar cash to them paid by the said party of the second
part, the receipt whereof is hereby acknowledged, have
granted, bargained, sold and conveyed, and by this deed
do grant, bargain, sell and convey unto the said party of
the second part for the term of his natural life and at his
death then to the heirs of his body, in fee forever, share
and share alike, as tenants in common all that tract of
land in the county of Fayette and state of Kentucky.
.  .  .

"And said parties of the first part hereby release all
their estate, right, title and interest in said described
premises except that the power of sale of said premises
is hereby reserved and retained in the said parties of the
first part until the yougest child of said John D. Yarring-

ton, whether son or daughter, who shall be living at the time of his death shall have reached the age of twenty-one (21) years, when the above exception and reservation shall cease and be void; and if said youngest child shall not live to attain the age of twenty-one (21) years, then the above exception and reservation shall continue in full force until the next youngest child shall have attained said age, and so on."

It is the contention of appellants that the children and grandchildren of Yarrington take *per stirpes,* while the appellees insist that they take *per capita.* The appellants would divide the lands into four equal parts, giving to the three grandchildren one-fourth ($\frac{1}{4}$) of the whole; while appellees insist it should be divided into six equal shares. The number of shares into which it must be divided under the deed depends upon the construction to be placed on that instrument. John D. Yarrington was invested with an estate for his natural life only. That has terminated. After providing for the life estate, the deed says: "And at his death then to the heirs of his body," which expression, according to the rules of the common law and that generally recognized throughout this country, embraces descendants existent at every period. Johnson v. Johnson, 2 Met. 335; Churchill v. Churchill, 2 Met. 469. An heir begotten or born of the person referred to is an heir of the body, as are all lineal descedants. The term "natural heirs" and "heirs of the body" in a will or deed are considered as of the same legal import. Black's Law Dictionary, Bouvier. But the term "lawful issue" is not in all respects synonymous with the term "lawful bodily heirs;" nor is issue equivalent to heirs of the body. Black v. Cartwell, 10 B. M. 193.

The deed under consideration adds, "in fee forever, share and share alike, as tenants in common." The word "forever" adds nothing to the expression "in fee." "Share and share alike" is synonymous with equal division, and the expression "as tenants in common" indicates that the grantees, heirs of the body of J. D. Yarrington, are to take and hold the property jointly.

If we follow the rules of the common law with respect to the expression "heirs of his body" the conclusion is inevitable that the words were not used as and synonymous with the word "children," but were inteded to cover and include all descendants. This construction must prevail in every instance unless there be in the deed or

testamentary paper other words or expressions indicating an intention on the part of the grantor or devisor to employ the words "heirs of his body" in the sense of "children." The last clause of the deed quoted above by which the grantors, Mrs. Huntington and husband, reserved power to reconvey the lands described at any time until the youngest child of John D. Yarrington who should be living at the time of Yarrington's death shall have reached the age of twenty-one years, when the power was to cease and be void, fixed the time when a defeasible fee in remainder in the lands should vest in the heirs of the body of Yarrington, and does not limit or qualify the expression "heirs of his body." Possession of the estate did not pass to the "heirs of his body" until the death of the life tenant, John D. Yarrington.

At the time of the death of the life tenant there were three living children and three grandchildren, all "heirs of his body." If they were to "share and share alike" the property must be divided into six parts or shares. We find no expression in the deed when read as a whole which indicates a purpose on the part of the grantors to have used the expression "heirs of his body" in any other than its strict legal sense, which is not equivalent to the expression "children," but is broader and includes not only children but all descendants of his body. In the recent case of Prather v. Watson's Executor, 187 Ky. 709, we held that where the subject of a testamentary disposition is directed to be "equally divided," or to be divided "share and share alike," or where similar words are used which indicate an equal division between or among two or more persons, a *per capita* distribution will be made of the property, unless a contrary intention is discoverable from the language used in the will.

Again, in the case of Fischer, Admr. v. Lange, et al., 190 Ky. 699, we stated the rule thusly: "Where the subject of a testamentary disposition is directed to be 'equally divided,' or to be divided 'share and share alike,' or where similar words are used which indicate an equal division between or among two or more persons," a *per capita* distribution will be made of the property unless a contrary intention is discoverable from the language used in the will.

While the deed in its concluding paragraph refers to the children of John D. Yarrington it does so only to indicate a limitation upon the reservation of power of sale

fixed by the grantors in the deed and was not intended to indicate, as we think, a purpose on the part of the grantor to use the term "heirs of his body" and the word "children" interchangeably or synonymously. The chancellor put a similar construction upon the deed and held that under its terms John D. Yarrington was invested with a life estate only and that on his death Fred D. Yarrington took one-sixth, Julia Y. Scott one-sixth, John A. Yarrington one-sixth, Charley Yancey Freeman, Jr., one-sixth, John D. Freeman one-sixth and Thomas K. Freeman one-sixth *per capita* and not *per stirpes*. We believe the chancellor reached the proper conclusion, and the judgment is affirmed.

Judgment affirmed. Whole court sitting and concurring.