## Hafner's Ex'r v. Hafner et al.

November 25, 1947.

Sidney B. Neal, Judge.

H. Randolph Kramer and Wilson & Wilson for appellant.
Bryon, Sandidge & Holbrook for appellees.

Opinion of the Court by Morris, Commissioner— Affirming.

Ida Hafner, spinster, died March 16, 1947, having two months theretofore executed the following will: "This is my last will and testament. I request that all my property both real and personal be divided equal between my heirs. I appoint Walter Harder my executor of my estate."

At her death testatrix left surviving two brothers, a son of a brother and five nieces and nephews, children of a sister. All were sui juris and residents of Kentucky, save one brother and one nephew. It is stated that one brother and the sister had predeceased testatrix. The will was duly probated, Walter Harder qualifying as executor.

Manifesting some disagreement as to the intent of testatrix as to distribution, arising from the use of the words "divided equal between my heirs," the executor as such and individually, he being a son of the deceased sister, filed suit making all other devisees defendants, asking the court to declare the rights of the devisees. The contention of the appellants is and was that the will should be construed so as to require a per capita distribution, that is, that the net estate should be divided into eight parts, and thus distributed. The contrary contention is that the will on its face requires a distribution into four equal parts; a per stirpes distribution.

The sole issue, raised only by demurrer is fairly stated in appellants' brief as follows: "No other material facts (than those stated in the petition) appear in the record, and the sole question is one of law, as to the interpretation, * * * which appellant contends calls for an equal and per capita distribution of the estate among all the heirs." The question as stated is in conformity with our opinions in which similar situations have existed, holding that the intention of the testator must be ascertained from a reading of the entire will.

At the outset it is argued by appellant, to be considered as a circumstance, that testatrix did not accomplish anything by the writing of the will if the words are held to indicate an intention to have her property

distributed under the laws of descent and distribution, and that it was her intention to provide that all her relatives should share equally in the distribution of her estate. This could have been accomplished by the use of words indicating that heirs of a deceased brother or sister should share equally. The very fact that testatrix did not by any words used in her will manifest a desire that her relatives of a remote degree should share per capita with those of a closer degree, or separate "heirs into classes," is of some import. The class created by testatrix, in the absence of anything in the will to justify a conclusion otherwise, is heirs.

Both parties have supplied us with well prepared briefs, citing a number of authorities in support of their contention, the briefs of appellant to our minds emphasizing the meaning and effect of the words "equal between" or words of similar import, without stressing the meaning of and intent manifested by the use of word "heirs." In those cases cited by appellant it seems clear that the documents in question were such as justified the application of the per capita rule, because of certain language used as indicating particular classes or persons who should share equally in the distribution.

To take up those cases cited by appellant and appellee, and undertake to digest or distinguish them would require much time and space. We think for the purpose of determining the question presented it will only be necessary to look to the generally accepted rule laid down in Restatement of the Law, Property, Vol. 3, Sec. 305, and two of our very recent cases in which we dealt with the subject. The rule referred to is: "When a limitation is in favor of the 'heirs' of a designated person or in other words of similar import, unless a contrary intent of the conveyor is found from additional language or circumstances, the persons so described by the limitation are those who would succeed to the property * * * if such ancestor died owning the property and intestate at the time when the group is to be ascertained in accordance with the rule stated in Section 308."

The rule mentioned is that where the word "heirs" is used to describe the conveyees, and the persons de-

scribed are within the term employed, the conveyees are to be determined by the law governing intestate succession in force at the time of the death of the ancestor, unless an intent otherwise is manifested from additional language or circumstances.

The recent opinions referred to above are Cambron v. Pottinger, 301 Ky. 768, 193 S. W. 2d 412, relied on by appellees, and Wagner v. Wagner, 303 Ky. 140, 197 S. W. 2d 86, 89, cited by appellants. In the last named case we had for interpretation the language of testator's will which bequeathed properties to a son and grandsons. The particular language used was, "I want my Government Bonds divided between Edward T. Wagner, Harry Alvin Wagner, Jr., and Glen Phillipp Wagner, * * * 'the remainder is to be divided between' * * *" the same named beneficiaries. The question was whether the words used connoted a per stirpes or per capita distribution. We followed the chancellor, holding that the words used were to be interpreted as authorizing a per capita distribution, saying that "courts have declared that where the subject of a testamentary disposition is directed to be 'equally divided,' or to be divided 'share and share alike' or similar words are used, which indicate an equal division between or among two or more persons, (or classes) a per capita distribution will be made * * * unless a contrary intention is discoverable from the language used in the will. Prather v. Watson's Ex'r, 187 Ky. 709, 220 S. W. 532; Rogers v. Burress, 199 Ky. 766, 769, 251 S. W. 980."

The ruling above comports with the ruling in Shackelford v. Kauffman, 263 Ky. 676, 93 S. W. 2d 15, 18, wherein we pointed out the line of distinction which seems to be the key here. We said: "Appellants rely upon certain cases to sustain their contention that the testatrix intended a per capita distribution of the estate, namely (see cited cases) and perhaps other like cases where the language used * * * was like or similar to the language used in the present case, except the word 'heirs' does not appear in any of those cases."

In the Cambron-Pottinger case we were called upon to construe the will of a testator, in which he had in a few words given his wife a life estate in his real and personal property, and after a specific charitable be-

quest provided that (301 Ky. 768, 193 S. W. 2d 414) "the remainder of the estate to be divided equally between my heirs and the heirs of my wife." We were particularly passing on the question as to whether or not the chancellor had erred in ruling that parol evidence should not be introduced for the purpose of showing intent. We said that presumably appellants considered testimony needful for the purpose of reaching the intent by the use of the word "heirs." We agreed with the chancellor, and in doing so adhered to the rule above stated as being applicable. We wrote: "The common law technical meaning of the word 'heirs' is to designate the persons who are entitled by law to succeed by inheritance to the real estate of a decedent, namely those persons who are related by blood and who would take his real estate if he had died intestate. The word 'heirs' in a will may be held to refer not only to those who should participate in the real estate but also those entitled to the personalty where the intention is to dispose of the whole property. 28 R. C. L. 247-249. The ultimate effect of Wathen's will was to distribute one-half of his property remaining at his wife's death in the same manner as if Wathen had died intestate and also to distribute the remaining half of his property to his wife's relatives by blood who would have legally inherited her property in case of intestacy." KRS 391.010-030.

The above rule is fully recognized in Hatchett's Ex'r v. Leland, 282 Ky. 535, 138 S. W. 2d 980. Dennis v. Shirley, 212 Ky. 114, 278 S. W. 591, and Slattery v. Ryan, 233 Ky. 611, 26 S. W. 2d 544. In Dennis v. Shirley, supra, the rule was fully recognized, but we found that other language used in the will manifested a circumstance which justified the conclusion that per capita distribution was intended; this seems to be true in those cases cited wherein the words "heirs" had been used in the will, and some language in the will showed an intention to have a per capita effect.

We are of the opinion that the chancellor correctly held that the will authorized per stirpes distribution of the estate.

Judgment affirmed.