Cecie **LYONS** et al., Appellants,

v.

Rora **BROWN** et al., Appellees.

Court of Appeals of Kentucky.

April 29, 1960.

Rehearing Denied Jan. 26, 1962.

Richard L. Garnett, Glasgow, for appellants.

J. W. Vance, Jr., Paul Greer, Glasgow, for appellees.

CLAY, Commissioner.

When Arthur Brown died he was survived by his widow, a brother, a sister, and nine children of a deceased sister. By will he devised and bequeathed his estate to his wife for life (she has since died) with remainder to be "divided equally among my living heirs at law."

In a suit for construction of this clause of the will, the Chancellor determined that the interests of the parties were the same as under the statutes of descent and distribution. KRS 391.010 and 391.040. That is, the brother took one-third, the sister one third, and the nine children of the deceased sister took the remaining third. This, of course, was a per stirpes distribution.

The nine children of the deceased sister contend that the remainder must be divided equally among all eleven heirs on a per capita basis. No other language in the will throws light on the problem.

In the briefs, as in our cases, reference is made to the intention of the tes-

tator. Even though the deceased sister had died prior to the execution of the will, we simply do not know what the testator subjectively intended with respect to division between his near and more remote relatives. The test is what he meant by what he said. Reno's Executor v. Luckett, Ky., 298 S.W. 2d 674.

What did the testator say? He said he wanted his estate divided *equally* among his living heirs at law. His living heirs at law at the time of his death were a brother, a sister, and nine nieces and nephews. To divide the estate equally among them is to allot each an eleventh share of the estate. This follows precisely the literal language of the will.

There is a subtle temptation to depart from this construction on the assumption a testator would normally wish his nearer relatives to be preferred over those more remote, and by using the term "heirs-at-law" he may have anticipated the statutory method of distribution. In Porterfield v. Lenover, 310 Ill.App. 37, 33 N.E.2d 718, the Illinois appellate court construed somewhat similar language as requiring per stirpes distribution on the ground the law favors such method. This reasoning overlooks the fact that while the law may lean toward such manner of distribution, the testator by will quite properly may favor some other plan.

■ It is true that if a will uses language showing the testator intended his property to pass as in intestate succession, that expressed intention will be given effect and the property will go as the statute provides. A will was so construed in Hafner's Ex'r v. Hafner, 306 Ky. 93, 206 S.W.2d 196. There the testator directed that his property "be divided equal between my heirs." The court interpreted "heirs" as meaning those classes of heirs designated by the statutory law of descent and distribution. However, the opinion failed utterly to attach any significance to the word "equal", which is the key to the proper construction of such a testamentary disposition.

■ Prior to the Hafner decision, the settled rule in this state was thus stated in Rogers v. Burress, 199 Ky. 766, 769, 251 S.W. 980, 981:

"We have held in an unbroken line of cases that, unless a contrary intention should be discoverable from the will, a provision for a division 'equally,' or 'share and share alike,' between or among two or more persons or groups, means a per capita and not a per stirpes distribution."

A number of cases are cited in that opinion which demonstrate the soundness of the rule. In addition, see Yarrington v. Freeman, 201 Ky. 135, 255 S.W. 1034; Wooten's Trustee v. Hardy, 221 Ky. 338, 298 S.W. 963; and Dennis v. Shirley, 212 Ky. 114, 278 S.W. 591. It was pointed out in the latter case that if the problem involves simply the construction of the word "heirs", the general rule is that a per stirpes distribution was intended, but when the testator directs *equal* distribution among heirs, he thereby manifests the intention to direct a per capita distribution.

The Hafner case (306 Ky. 93, 206 S.W.2d 196) stands alone in Kentucky law. To the extent it is inconsistent with the settled rule of construction accepted in our numerous other cases involving the same question, it must be and is overruled.

■ In the present case another word used by the testator indicates an intention to direct a per capita distribution. The testator referred to "living" heirs. A per stirpes interest arises only by derivation through a deceased heir. The testator in this case clearly forestalled a construction that any beneficiary should take *as the representative of a deceased heir*. As a "living" heir, he must take directly and equally under the will and not indirectly and unequally by descent in a per stirpes capacity.

We return to our original position. We must accept the unequivocal expressed intent of the testator. Regardless of whether we deem it fair or wise, he directed that his

 

estate be divided equally among his living heirs at law. We know of no other way to do it except by doing it.

The judgment is reversed with directions to enter a judgment consistent with this opinion.