RENDERED: JULY 30, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0745-DG

GLORIA J. WRIGHT, EXECUTRIX
OF THE ESTATE OF ARNOLD W.
WRIGHT, JR.                                                     APPELLANT

v.                    ON DISCRETIONARY REVIEW FROM
                      FRANKLIN CIRCUIT COURT
                      HONORABLE THOMAS D. WINGATE
                      ACTION NO. 18-XX-00004

ESTATE OF LILLIAN T. WRIGHT;
CARITA M. ALDRIDGE, AS
EXECUTRIX OF THE ESTATE OF
LILLIAN T. WRIGHT AND
INDIVIDUALLY; BENJAMIN S.
ANDERSON, III; AND KEVIN M.
ANDERSON                                                        APPELLEES

OPINION
REVERSING
AND REMANDING

** ** ** ** **

BEFORE: COMBS, KRAMER, AND L. THOMPSON, JUDGES.

COMBS, JUDGE: This matter is before the court on discretionary review from an order of the Franklin Circuit Court, which affirmed the district court's construction of a provision included in the will of Lillian T. Wright. The district court accepted a construction of the will advanced by Carita Aldridge, Benjamin Anderson, and Kevin M. Anderson -- grandchildren of Lillian Wright by her deceased daughter. Gloria Wright, executrix of the Estate of Arnold W. Wright, Jr. (Lillian Wright's late son), argues that the circuit court erred in its construction of the will when it failed to conclude that these grandchildren could take – collectively -- a single share of the estate by representation of their late mother. We agree. Consequently, we reverse the order of the circuit court.

Lillian Wright died on October 31, 2011. She was survived by her son, Arnold Wright, and several grandchildren. Arnold Wright died thereafter. A petition to probate Lillian's will was filed on April 23, 2015.

By her will, Lillian Wright devised and bequeathed all of her property "to my beloved son, ARNOLD WOOD WRIGHT, JR., and my beloved grandchildren, BENJAMIN ANDERSON, III, KEVN ANDERSON and CARITA ALDRIDGE to be theirs share and share alike, per stirpes." Benjamin Anderson, Kevin Anderson, and Carita Aldridge survived their mother, the daughter of Lillian Wright, who predeceased Lillian Wright.

The controversy is whether, under the quoted provision, the named beneficiaries take *per capita* and as one class, dividing the estate into four equal parts, as the district court determined. However, the Estate of Arnold Wright argues through its Executrix, Gloria J. Wright, that the Estate of Lillian Wright should be divided into two parts to be distributed *per stirpes* and collectively: the Estate of Arnold Wright taking one share and the grandchildren taking a single share (that of their late mother) to divide among themselves. We agree with the construction of Lillian's will as proposed by the Estate of Arnold Wright.

Courts apply the "polar star rule" when construing a decedent's will. *Clarke v. Kirk*, 795 S.W.2d 936, 938 (Ky. 1990). Pursuant to this rule, where the intention of a testator can be gathered from the language of a will, that intention governs absolutely. *Id*. If the language used is a reasonably clear expression of intent, then the inquiry need go no further. *Gatewood v. Pickett*, 314 Ky. 125, 234 S.W.2d 489 (1950). We believe that the language used in Lillian Wright's will is a reasonably clear expression of her intention.

The grandchildren argue that the decedent plainly meant to divide her estate into four equal shares because the phrase "share and share alike" can be interpreted only to mean that each of the four named beneficiaries was entitled to an equal share. They contend that the use of "*per stirpes*" following the comma

means only that the share of any deceased beneficiary would pass to that decedent's issue.   We disagree.

Generally, where a will directs that an estate (or a part thereof) is to be "equally divided," or to be divided "share and share alike," a *per capita* distribution is made of the property.  *Rogers v. Burress*, 199 Ky. 766, 251 S.W. 980 (1923).  However, the rule does not apply where a contrary intention is discoverable from the language used in the will.  *Id*.  Here, the testator's use of the phrase "*per stirpes"* is critical.  "*Per stirpes*" means "equally among the branches of a family."  THE NEW SHORTER OXFORD ENGLISH DICTIONARY (Clarendon Press, 1993).

In this instrument, "*per stirpes"* is used to describe a mode of dividing property between the branches of Wright's family.  "*Per stirpes*" limits the equal distribution of the estate to two classes.  Although Lillian Wright referred to the four beneficiaries individually by name, ultimately the language used demonstrated Wright's intention to give according to class -- her son in one class, three of her grandchildren (the children of her late daughter) in another class.  By "share and share alike, *per stirpes*" Wright intended that the two classes divide the estate equally between the two classes:  the grandchildren to take in a representative capacity as heirs of their mother and their collective share limited to what their mother would have received had she been living.

-4-

Read as a whole, the provision does not indicate that Wright intended to have each of the named grandchildren take in the same proportion as her son. Instead, we are persuaded by her inclusion of "*per stirpes*" that she intended to draw a line and distinguish between the generations -- the grandchildren taking only by representation of their late mother. This construction alone gives full expression to the entirety of the testamentary clause.

The Estate of Arnold W. Wright, Jr., is entitled to one-half of the residuary estate. The named grandchildren, collectively, are entitled to the remaining one-half to be divided equally among them (*i.e.*, one-sixth each of the residuary estate).

The order of the Franklin Circuit Court is REVERSED and REMANDED for entry of an order consistent with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Preston Scott Cecil
Natalie R. Lile
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Michael L. Hawkins
Frankfort, Kentucky