## Parke v. Parke's Ex'r.

Nov. 3, 1943.

George C. Robbins for appellant.

John Noland, Ross, Ross & Bayer, and J. P. Chenault for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—
Affirming.

Jonah Parke died testate in 1920 and was survived by his widow and five children and the child of a deceased daughter. The fourth clause of his will, after devising all of his estate to his wife for life, or so long as she remained his widow, was as follows: "In case of her death, I want the same sold and, out of the proceeds, I want my executor to first pay to my daughter, Clara Barkley, the sum of Four Hundred ($400) Dollars, and divide the remainder equally between all my children, or such grandchildren as may survive any child dead at that time."

Carl Parke, a son of the testator, predeceased him. He had no natural children, but was survived by an adopted child, the appellant Naomi Parke. This action was filed by Jonah Parke's executor for a construction of the will. It was adjudged that Naomi Parke took nothing under the will, and that the portion which Carl Parke, her adoptive father would have taken, had he been living at the death of his mother, went to the children and grandchildren of the testator living at the time of his widow's death. Naomi Parke appeals from that judgment.

It is conceded by the appellant that as an adopted child of testator's son she takes nothing by the will. This concession is in accord with the ruling in Woods v. Crump, 283 Ky. 675, 142 S. W. (2d) 680; Sanders v. Adams, 278 Ky. 24, 128 S. W. (2d) 223, and other similar cases. It is contended for the appellant, however, that Carl Parke, her adoptive father, took a defeasible fee in remainder, subject to be divested by the double contingency; (1) dying before the life tenant, and (2) dying with a child, and that since the second contingency did not occur to defeat his fee the appellant inherited his one-sixth interest

We think the case of Gatto v. Gatto, 198 Ky. 569, 250 S. W. 833, 835, and the authorities cited therein are conclusive against the position of appellant. In the Gatto case the devise was to the testator's wife for life, with remainder in fee simple to his children. The will then provided that: "If any child of mine before my

wife's death shall die leaving a child or children, then the share of my deceased child shall go to his child or children." One of the testator's children died before the life tenant, devising all his estate to his wife. The court distinguished the case from Jones v. Thomasson, 159 Ky. 196, 166 S. W. 1001, and held that the will referred to the children as a class, and indicated the testator's intention that those of the class in existence at the life tenant's death should take, and that the deceased son's wife took nothing under the will.

If the devise before us is a devise to a class, and we think it is, then, clearly, only those members of the class took who were in existence at the death of the life tenant, in accordance with the rule thus enunciated in Ford v. Jones et al., 223 Ky. 327, 3 S. W. (2d) 781, 786: "Where, under the provisions of a will, a gift to a class is postponed until after the termination of a preceding estate, as a rule, those members of the class, and those only, take who are in existence when such preceding estate terminates, and the time for distribution comes."

Since Carl Parke died before the life tenant, he took nothing under the testator's will for the appellant to inherit. The appellant's main reliance is placed on Carroll v. Carroll's Ex'r, 248 Ky. 386, 58 S. W. (2d) 670, 672. There the devise in question was the third clause of the will, which was: "At the death of my wife the fund set apart for her use and benefit during life will be paid to my children in equal shares, but if either should die before she does, leaving living children, they will get his share." It was held that by the use of the words "my children" in the third clause of his will, the testator did not intend to create a class but used the words merely as a convenience to avoid repeating the names of his two children who were named in the preceding clause. Each of the testator's two sons was held to have taken a fee simple, subject to be defeated by the double contingency of dying before the wife and leaving living children.

The distinction between that case and the one before us is clear. There the court was able to gather from the will the absence of any intention on the testator's part to create a class. No such intention is to be gathered from the will before us. On the contrary, it is clear, much more so than in the Gatto case, that the testator did create a class consisting of children and grandchil-

dren living at the death of his wife. The devise in question was a gift to a class, postponed until after the termination of the preceding estate and only those members took who were in existence when the preceding estate terminated. Carl Parke through whom the appellant claims by inheritance, took nothing under the will since he predeceased his mother, in whom the preceding estate was vested by the will and at whose death the class was to be determined.

Judgment affirmed.