## Bills' Adm'x et al. v. Bills' Ex'x

March 20, 1945.

Wm. Marshall Bullitt, Leo T. Wolford, and Bullitt & Middleton for appellants.

Frank A. Ropke and W. S. Heidenberg for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming in part, reversing in part.

The appeal is from a judgment holding that Carrie Bills took a life estate under the will of her husband, Henry E. Bills, with the remainder going to their seven children. The will of Henry E. Bills is set forth in the case of Laura Berner, etc. v. J. E. Luckett, Commissioner, etc., 299 Ky., 744, 186 S. W. 2d 90. We held in that opinion that Mrs. Bills took a life interest rather than a fee simple interest under the will. Since we stated therein our reasons for reaching that conclusion, it is unnecessary to discuss them again here.

There remains the question, however, as to the disposition of the remainder of the estate following Mrs. Bills' death in 1938. The son, Clifford P. Bills, died testate in 1936, leaving no issue. His wife, the appellee, Lillian W. Bills, was nominated as his executrix and she qualified and is acting in that capacity. The part of Henry E. Bills' will, which is now under consideration, follows:

"* * * At the death of my said wife, I desire all of the property undisposed of by her to go to my children,

share and share alike. Should any of my said children die before the death of my wife, leaving issue, such issue shall inherit the parent's share. * * *''

The devise to the children of Henry E. Bills was a devise to a class and only those members of the class who were in existence at the time of the death of the life tenant, Carrie Bills, can take under the will. Clifford P. Bills never possessed a transmissible interest in the estate of his father, because such interest as he did have was subject to be defeated by his dying without issue before the death of the life tenant. The case of Gatto v. Gatto, 198 Ky. 569, 250 S. W. 833, is controlling here. In that case the property was left to the wife of the testator for life with remainder to his children, with the provision that: ''If any child of mine before my wife's death shall die leaving a child or children, then the share of my deceased child shall go to his child or children.'' One of the testator's children died before the death of the life tenant, leaving all of his estate to his wife. It was held that the will referred to the children as a class and indicated the testator's intention that those of the class in existence at the life tenant's death should take, and that the deceased son's wife took nothing under the will. The Gatto case was followed in the case of Parke v. Parke, 295 Ky. 634, 175 S. W. 2d 141. In that case the property was left to the wife for life, or so long as she remained a widow, with the following provision:

''In case of her death, I want the same sold and, out of the proceeds, I want my executor to first pay to my daughter, Clara Barkley, the sum of Four Hundred ($400.00) Dollars, and divide the remainder equally between all my children, or such grandchildren as may survive any child dead at that time.'' It was held that a son of the testator, who predeceased the life tenant without issue, though leaving an adopted child, took nothing under the will.

The appellee relies upon the case of Carroll v. Carroll's Ex'r, 248 Ky. 386, 58 S. W. 2d 670, 672, in support of the contention that Clifford Bills took a fee in his father's estate at the time of the latter's death. While it is true the wording of the third clause of Judge Carroll's will is similar to the wording of the foregoing quotation from Mr. Bills' will, an examination of the opinion in that case will show that the Court, after

viewing the will as a whole, reached the conclusion that the words "my children" were not used to create a class, but were used merely as a convenience to avoid repeating the names of his two sons who were named in the preceding clause. Apparently, the Court placed much emphasis upon the second clause of Judge Carroll's will, because the opinion points out: "The fact, the testator used the words 'my children' in clause 3, instead of their individual names, does not show a change of his intention as it is expressed in clause 2."

It follows from what has been said that the judgment should be and it is affirmed as to the character of estate taken by Carrie Bills under the will of her husband, Henry E. Bills, and that it is reversed as to the disposition of the remainder of the estate following the death of Carrie Bills in 1938, with directions for the entry of a judgment in accordance with this opinion.