# Hadley et al. v. Marshall's Ex'x et al.

November 25, 1947.

William B. Ardery, Judge.

Eldon S. Dummit, Attorney General, and Roy W. House, Assistant Attorney General, for appellants.

Rodman W. Keenon, Edward F. Pritchard and A. E. Funk, Jr. for appellees.

OPINION OF THE COURT BY JUDGE SILER—Affirming.

The executrix of Virginia M. Marshall, deceased, and the latter's surviving brothers, William F. Marshall and Daniel P. Marshall, all appellees, obtained a judgment against Azro Hadley and others, composing Kentucky Tax Commission, all appellants, which vacated an assessment of inheritance taxes against appellees. The taxing authorities now appeal.

Appellants contend that the judgment is contrary to law and therefore erroneous and therefore reversible.

This appeal presents no issue of disputed fact but only one of existing law.

Daniel G. Parr, grandfather of Virginia M. Marshall, William F. Marshall and Daniel P. Marshall, father of their mother, Birdie Parr Marshall, died in 1904 and left a will containing the following devise: "Clause 3. I will, devise and bequeath unto my daughter, Birdie (Parr) Marshall, for and during her natural life only, my 74 x 164 feet of ground and the improvements thereon on the west side of Fourth Street between Green and Walnut Streets, Louisville, Kentucky, on which said lot are store-houses Nos. 532, 534, 538 and

540 and known as Block No. 2. Subject to the life estate, in said property herein given to my daughter, Birdie, I will and devise the said property, in remainder in fee simple, to the child or children of my said daughter, and the issue of any deceased child, or children, the issue to take the share the parent would take if living. Out of the income of said property my said daughter shall pay all taxes, and other legal charges against the same, and keep the same well insured. The said property so devised to my daughter, for life, shall be her separate estate, free from the control and not subject to the debts of any husband she may have at or after my death.''

Birdie Parr Marshall, daughter of testator Parr, mother of Virginia, William and Daniel, is still living, now being 80 years old. She has had only the three children mentioned, all of whom were living at the time of the execution of the Parr will.

Virginia, unmarried and childless, died·in 1945 and she left her own will making no specific mention of the property designated in Clause 3 of the Parr will, yet giving all the residue of her property, which would include her ownership in the Clause 3 property, assuming such ownership to be of transmissible nature, unto her two surviving brothers, William and Daniel.

Appellants contend·that Virginia, at her death, owned such a fixed, vested, determinable, discernible, unfettered and personal interest in this Clause 3 property as to enable her to transmit it by her will to her brothers, William and Daniel, and that is, appellants say, exactly what occurred. And therefore the transmitted property must, appellants say, bear the burden of inheritance taxes provided by KRS 140.010 et seq.

Appellees contend that Virginia, at·her death, owned in the Clause 3 property no interest capable of her enjoyment or subject to her testamentary disposition and accordingly she did not, appellees say, devise to them her interest in this property. And therefore the property is not, appellees say, subject to the inheritance taxes previously mentioned.

The very soul of judicial construction of a will lies in the court's paramount purpose of grasping the tes-

tator's intention. See Hopson's Trustee v. Hopson, 282 Ky. 181, 138 S. W. 2d 365.

Did this testator intend to give his granddaughter, Virginia, living at the time of his will, yet not specifically named in the will, such an interest in the Clause 3 property as would permit her to devise it by will before her mother, Birdie, the life tenant, died? Or did this testator intend to create a mere class of remaindermen, which class would consist of grandchildren of his own blood, probably with 3 members yet theoretically perhaps with 100 members, who could conditionally own their remainder interests from the day of testator's death, yet who would have no power of alienation or disposition until after Birdie died? We think the latter rather than the former must have been the testator's intention. Otherwise, he would have specifically named Virginia, William and Daniel, Birdie's children, either in Clause 3 or elsewhere in the instrument, so as to demonstrate his desire to individualize them and their distinctive property rights. But he did not individualize them. He regimented them. The testator intended, we think, that Birdie's children, prior to her death, were not to be considered as persons with individual rights but only as a class with class rights, which would not include any right to devise property that might never be in possession.

There is a vast difference between the privileges of a bare ownership, on the one hand, and the privileges of an actually possessive or a constructively possessive ownership, on the other hand. The writer of this opinion owns, with good, vested title, at least a half dozen umbrellas. Yet he possesses none. As a practical proposition, it would be foolish to say that he could sell or bequeath those umbrellas, all probably in active use right now by some Dick, Tom or Harry in places unknown, since he, the real owner, has neither the actual nor the constructive possession of them. Their condition of present alienation and of future unaccountableness and uncertainty denies to him as the real, vested owner the right to dispose of them.

Appellants contend that Virginia had a legal right to devise her interest in this Clause 3 property under the ruling of this court in the case of Carroll v. Car-

roll's Exr., 248 Ky. 386, 58 S. W. 2d 670. However, a reading of the Carroll case discloses that the Carroll will mentioned the testator's children by their specific names in certain parts of such will and thus treated them as individuals rather than as a class, thereby indicating an intention on the part of the testator to vest individual property rights in his named children. And since the testator in the Carroll will once designated his children by their individual names, we held that it was not essential to repeat such names in the subsequent clause in controversy in order to give them transmissible rights in the remainder interests devised to them by the testamentary clause in question. In the instant case, as we have pointed out, the appellee devisees were never named but were consistently treated as a class.

In a later case very similar to the instant case, we held that a testamentary clause, such as this very Clause 3 of the Parr will, did not give to the testator's remainderman child undesignated by individual name in the will, the right to transmit his remainder interest by his own personal testamentary devise. See Bill's Adm'x v. Bills' Ex'x, 299 Ky. 749, 186 S. W. 2d 907. This appears to be a logical rule, because to hold otherwise would permit any child, who might happen to die before the life tenant in a case of this kind, to devise that child's remainder unto some stranger in blood by means of such child's personal will, thereby defeating the original testator's clear purpose of keeping the family property intact for his own blood kindred during a contemplated period of time.

Wherefore, for the reasons indicated, we must hold that Virginia had no transmissible interest in the Clause 3 property of the Parr will but had only a class interest of conditional character therein, and that she, having had no transmissible interest, did not devise it to William and Daniel, and that appellants accordingly had no legal right to levy inheritance taxes upon the property interest in question.

The judgment is affirmed.