**Juanita Harmon CROMER, Appellant,**

v.

**Eva ACTON et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 25, 1957.

Fritz Krueger, Russell Jones, Somerset, for appellant.

C. Homer Neikirk, Lawrence Hail, Smith & Blackburn, Somerset, for appellees.

CAMMACK, Judge.

James Acton died in 1919, survived by his widow, Eva, and seven children. Two days before his death, he executed a will. After making specific bequests to several of his children, he devised his Hendrick farm to three of his sons, Wiley, Luther and Jennings. He directed that it be divided among them equally. To his son, Wesley, he bequeathed $1,700. He provided for Eva and his remaining children in his will as follows:

"* * * my home farm I give and devise to my wife as long as she remains my widow or till her death then to be divided equally among my two

daughters Estella and Maggie Acton and my son James S. Acton and should there Sons or Daughters unborn they to share equally in home farm should they die before my wife then my other sons to share this farm equally."

After her father's death, Estella married. In 1949 she died intestate, leaving a child, Juanita Harmon Cromer, as her sole heir at law.

In 1954, Eva Acton, with Maggie and James, entered into a contract for the sale of timber on the home farm. Juanita instituted this action to obtain a declaration of rights under the will of her grandfather, James Acton. She asserted a claim to her mother's one-third remainder interest in the home farm. The trial judge held that Estella had a vested remainder which was defeated by her death before that of the life tenant (her mother), and that her interest passed at the time of her death to Wesley, Wiley, Luther and Jennings in equal shares. Juanita is appealing from that part of the judgment which held that Estella's remainder did not descend to her. Eva, Maggie and James are appealing from the award of Estella's interest to the other sons.

■ The devise to Estella, Maggie, James and any other children that might thereafter be born was to a class; its members were uncertain in number at the time of the gift, and the class was capable of future change, since it was subject to be opened to admit after-born children. Rogers v. Burress, 199 Ky. 766, 251 S.W. 980; Restatement, Property, Sec. 279 (1940). The remainder interest of each member of the class vested upon the death of the testator, subject to partial divestment should he have a child born subsequent to his death. Gray v. Gray, 300 Ky. 265, 188 S.W.2d 440, 160 A.L.R. 633.

■ Juanita argues that since her mother's interest was vested, it would descend to her on the death of her mother. She relies upon KRS 381.120, which pro-

vides that a joint tenant's part of the joint estate shall descend to his heirs when he dies. This statute is not applicable here, however, since it manifestly appears from the will that should Estella and the other class members predecease the life tenant, Eva (their mother), the home farm is to be shared equally by the four eldest sons. KRS 381.130. Furthermore, Juanita's construction would render the executory devise a nullity, since the four elder brothers would take, if at all, as heirs before they could take under the executory devise.

■ We construe the will to mean that Estella was to take a vested remainder subject to complete defeasance; if she did not survive her mother, the life tenant, her interest was to remain in the class, and the interests of its members could not be determined finally until the class closed at the death of the life tenant, Eva. Only those members who are alive when the preceding life estate terminates may share in the home farm. Parke v. Parke's Ex'r, 295 Ky. 634, 175 S.W.2d 141. Juanita cannot claim her mother's interest, since that interest was defeated when her mother, a child of the testator, died.

■ In addition to the fact that the testator intended a gift to a class, there is further evidence from the will that the interest of any deceased class member was to remain in the class, rather than pass to the older sons. Following the class devise, the will provides: "* * * should they die before my wife, then my other sons to share farm equally * * *." The entire farm, as opposed to a deceased child's interest, could be shared by the other sons only if all the class members predeceased their mother, the life tenant. All the class members must die before the executory interests of the four older sons may take effect.

Insofar as the judgment declares that Juanita is not entitled to any interest in the property, it is affirmed. In all other respects the judgment is reversed, with directions to enter a judgment in conformity with this opinion.